Douglas Q. Hahn, State Bar No. 257559
Email: dhahn@sycr.com
Salil Bali State Bar No. 263001
Email: sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys For Plaintiff
AppFolio, Inc.

FILED
2012 OCT 15 PM 2:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ______

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

AppFolio, Inc., a Delaware Corporation,

Plaintiff,

v.

Treemo, Inc., a Delaware Corporation, and DOES 1 through 10, inclusive,

Defendant.

Case No.: **CV 12 - 08820 PA (MANx)**

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND CYBERPIRACY; DEMAND FOR JURY TRIAL**

Plaintiff, AppFolio, Inc., by and through its attorneys, for its Complaint against Defendant Treemo, Inc., ("Treemo"), hereby alleges as follows:

**THE PARTIES**

1. Plaintiff AppFolio, Inc. ("Plaintiff" or "AppFolio") is, and at all times pertinent to this action has been, a corporation duly organized and existing under the laws of the State of Delaware, registered as a foreign corporation with the California Secretary of State and having its principal place of business in Santa Barbara, California.

2. Upon information and belief, Defendant Treemo, Inc., ("Defendant" or "Treemo") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Seattle, Washington.

**JURISDICTION AND VENUE**

3. This is a civil action arising under the laws of the United States relating to trademarks (15 U.S.C. Sections 1114(1) and 1125(a)). This Court has federal question jurisdiction over Counts I, II and V pursuant to 28 U.S.C. Sections 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Counts III – IV pursuant to 28 U.S.C. Section 1367.

4. This Court has personal jurisdiction over Treemo pursuant to California Code of Civil Procedure §410.10. AppFolio is informed and believes, and thereon alleges, that Defendant has engaged in business activities in California and/or directed at California residents, and tortious acts by Treemo complained of in this Complaint have been committed within this judicial district.

5. Venue in this Judicial District is proper under 28 U.S.C. Section 1391, given that a significant portion of the acts and transactions complained of herein

were conceived, carried out, made effective, and had effect within the State of California and this Judicial District.

## NATURE OF THE ACTION

6. In this action, Plaintiff seeks injunctive relief, lost profits, damages and attorneys' fees for Treemo's acts of trademark infringement under 15 U.S.C. § 1114 et seq., unfair competition and false designation of origin under 15 U.S.C. § 1125(a), cyberpiracy and cybersquatting under 15 U.S.C. §1125(d), common law unfair competition, common law misappropriation, unfair trade practices under Cal. Bus. & Prof. Code § 17200 et seq., and related causes of action.

## GENERAL ALLEGATIONS

7. AppFolio is engaged in the business of providing, in interstate commerce, subscription-based on-line use of non-downloadable computer software for use in business operations, accounting, inventory management, marketing, and for use in general office functions, namely, data migration, generating reports, database management, or residence inventory management ("AppFolio's Goods").

8. AppFolio is the owner of the APPFOLIO mark, U.S. Trademark Registration No. 3,649,527, registered on July 7, 2009, for use in connection with AppFolio's Goods. A copy of Plaintiff's U.S. Trademark Registration No. 3,649,527 is annexed hereto as **Exh. A**.

9. AppFolio's use of its APPFOLIO mark has been open, notorious, and continuous.

10. The APPFOLIO mark is distinctive and identifies AppFolio as the single source of origin of the goods marketed and provided in connection therewith.

11. Without the authorization or consent of AppFolio, and after AppFolio began to use and had built up extensive and valuable business and good will in connection with the APPFOLIO mark, Treemo filed on October 2, 2011, U.S. Trademark Application No. 85/437,309, for "APPAFOLIO," (the "Treemo Application") in connection with "Computer hardware and computer software programs for the integration of text, audio, graphics, still images and moving pictures into an interactive delivery for multimedia applications; Computer hardware for communicating audio, video and data between computers via a global computer network, wide-area computer networks, and peer-to-peer computer networks; Computer hardware for upload, storage, retrieval, download, transmission and delivery of digital content; Computer software platforms for building mobile applications that integrate content and other application features; Computer software that provides web-based access to applications and services through a web operating system or portal interface," (the " Treemo's Goods") claiming its date of first use anywhere as May 11, 2011, and in interstate commerce as May 27, 2011. A copy of the Treemo Application is annexed hereto as **Exh. B**.

12. On information and belief, Treemo has been using and continues to use the term "APPAFOLIO" to market and sell Treemo's Goods.

13. On information and belief, Treemo seeks to capitalize on the strength and reputation of Plaintiff's APPFOLIO mark, by registering, trafficking in or using the domain www.appafolio.com which is substantively and confusingly similar to the distinctive APPFOLIO mark with a bad faith intent to profit.

14. On information and belief, Treemo's use of a domain which is confusingly similar to Plaintiff's registered trademark directs consumers to Defendant's website where such consumers are misled as to the origin, sponsorship or approval of the goods and services marketed and offered for sale through the

appafolio website, and are deceived as to Treemo's affiliation, connection or association with AppFolio.

15. On April 27, 2012, AppFolio filed a Notice of Opposition before the Trademark Trial and Appeal Board (TTAB) against the Treemo Application. A copy of Plaintiff's Notice of Opposition is annexed hereto as **Exh. C.**

16. On information and belief, Treemo markets and distributes the Treemo Goods across the United States, including the state of California, via its website (www.appafolio.com), the Amazon.com Appstore, Apple iTunes' App Store, and Google Play.

17. Screen shots from Treemo's website, Amazon's Appstore, Apple's App Store and Google Play are annexed hereto as **Exh D**.

18. Appfolio is informed and believes, and on that ground alleges, that Treemo adopted the confusingly similar term "APPAFOLIO" with knowledge of AppFolio's federally registered APPFOLIO trademark and with the intent to deceive consumers and to cause confusion among purchasers for the purpose of misappropriating and benefiting from the goodwill and public recognition associated with AppFolio's trademark and by diverting sales from AppFolio to Treemo.

19. The term "APPAFOLIO" is sufficiently identical to AppFolio's APPFOLIO mark in sight, sound and connotation that its use in the sale and marketing of Treemo's products to the same class of customers, through the same or substantially similar channels of trade is likely to cause confusion.

20. The aforementioned acts by Treemo have caused, and will cause, actual confusion and a likelihood of confusion in the minds of the trade and the public, and have damaged and will further damage AppFolio's reputation for exclusivity in connection with its APPFOLIO mark.

///

///

**COUNT I**

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**

**(LANHAM ACT §32)**

21. AppFolio repeats and realleges each and every allegation contained in paragraphs 1 through 20 hereof as if fully stated herein.

22. By virtue of Treemo's conduct, Treemo has used and is using a spurious term in connection with the advertising, marketing, and offering of computer software in interstate commerce, which term is identified with the APPFOLIO mark presently used by AppFolio.

23. Appfolio's Goods are offered and advertised to the same or similar classes of purchasers as Treemo's Goods. As a result of Treemo's conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with AppFolio's APPFOLIO mark, its reputation and favorable good will, are likely to purchase Treemo's Goods in the mistaken belief that such goods are offered or authorized by AppFolio.

24. Treemo's actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and will have the result of misleading, deceiving and confusing the public to believe that Treemo and/or its Goods are affiliated with, sponsored or controlled by Plaintiff.

25. As a consequence, Treemo has traded and is trading upon, and has gained and is gaining public acceptance and other benefits from, AppFolio's favorable reputation and valuable good will, which have accordingly been placed at risk and damaged by Treemo's illegal actions and conduct.

26. The foregoing actions of Treemo constitute trademark infringement by inducing the erroneous belief that Treemo and/or its Goods are in some manner affiliated with, originate from, or are sponsored by AppFolio in violation of Lanham Act § 32, 15 U.S.C. §1114.

27. AppFolio is informed and believes, and on that ground alleges, that Treemo has made and/or will make unlawful gains and profits from its unlawful actions as alleged herein, and by reason thereof, AppFolio has been deprived of gains and profits which otherwise would have inured to AppFolio but for such unlawful actions.

28. AppFolio has no adequate remedy at law for the injuries alleged in this Count. The injury is, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Treemo continues its wrongful conduct.

29. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining the value of the damage to AppFolio caused by Treemo's wrongful conduct, said conduct has resulted in irreparable, direct and proximate damages to AppFolio and AppFolio is entitled to injunctive relief under 15 U.S.C. Section 1116(a).

**COUNT II**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

**(LANHAM ACT §43(a))**

30. AppFolio repeats and realleges each and every allegation contained in paragraphs 1 through 29 hereof as if fully stated herein.

31. This claim arises under Section 43(a) of the Lanham Act. Treemo's unauthorized use and threatened continued use in interstate commerce of "APPAFOLIO" constitutes use of a false designation of origin and a false description or representation that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Treemo's Goods, (b) as to an affiliation, connection or association between AppFolio and

Treemo, and (c) as to the sponsorship or approval of Treemo's Goods by AppFolio.

32. Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics or qualities of Treemo's goods, services and/or commercial activities.

33. Upon information and belief, Treemo has intentionally and falsely designated the origin of its goods by adopting and using a term that is substantially the same as the APPFOLIO trademark for its goods so as to profit from AppFolio's reputation by confusing the public as to the source, origin, sponsorship or approval of Treemo's Goods, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of AppFolio.

34. The activities of Treemo complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to AppFolio, its business reputation and its goodwill, for which AppFolio is without adequate remedy at law. Such activities have also caused AppFolio monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

35. Further, the injury is of a continuing nature and will continue to be suffered so long as Treemo continues its wrongful conduct. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining, the value of the damage to AppFolio caused by Treemo's wrongful conduct, AppFolio is informed and believes, and on that ground alleges, that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff.

///

///

///

**COUNT III**

**COMMON LAW UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.**

36. AppFolio repeats and realleges each and every allegation contained in paragraphs 1 through 35 hereof as if fully stated herein.

37. AppFolio is informed and believes, and on that ground alleges, that Treemo has intentionally misappropriated Appfolio's APPFOLIO mark with the intent of causing confusion, mistake and deception as to the source of its goods with the intent to palm-off its goods as those of AppFolio, and as such Treemo has committed unfair competition in violation of the common law of the State of California.

38. The foregoing acts of Treemo have caused and will continue to cause injury to Plaintiff, by depriving it of sales of its genuine goods, injuring its business reputation, and by passing off Treemo's Goods as AppFolio's genuine Goods, all in violation of the common law of the State of California.

39. Treemo's acts have caused and will continue to cause irreparable harm and damage to Plaintiff, and have caused and will continue to cause AppFolio monetary damage in an amount to be determined at trial, for which AppFolio is entitled to its actual damages, Treemo's profits, punitive damages, attorneys' fees and costs.

40. Treemo's infringement of Appfolio's APPFOLIO mark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

41. As a consequence of Treemo's actions, AppFolio is entitled to injunctive relief and an order that Treemo disgorge all profits on the manufacture, use, display or sale of infringing goods.

**COUNT IV**

**COMMON LAW MISAPPROPRIATION**

42. AppFolio repeats and realleges each and every allegation contained in Paragraphs 1 through 41 hereof as if fully stated herein.

43. AppFolio has invested substantial time, man-hours, resources and money in adopting, developing and using the APPFOLIO mark ("Investment Capital"), and the APPFOLIO mark is Plaintiff's property.

44. In committing the acts of trademark infringement and unfair competition as alleged herein, Treemo has misappropriated and taken without permission AppFolio's property and converted it to its own use for its own benefit.

45. AppFolio is informed and believes, and on that ground alleges, that by misappropriating and converting Plaintiff's property, Treemo has benefited greatly and illegitimately by using "APPAFOLIO" to offer its goods without having to make a substantial investment of its own Investment Capital.

46. Treemo's acts constitute common-law misappropriation under the common law of the State of California.

47. Treemo has been and will continue to be, unless enjoined, unjustly enriched by its acts of misappropriation.

48. The foregoing acts of Treemo have injured and will continue to injure AppFolio by depriving it of sales of its genuine goods and by injuring its business reputation and good will, all in violation of the common law of the State of California.

49. Treemo's acts have caused and will continue to cause irreparable harm and damage to AppFolio, and have caused and will continue to cause AppFolio monetary damage in an amount thus far not determined, for which

AppFolio is entitled to its actual damages, Treemo's profits, punitive damages, attorneys' fees and costs.

50. Appfolio has no adequate remedy at law.

**COUNT V**

**CYBERPIRACY UNDER 15 U.S.C. 1125(d) OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**

51. AppFolio repeats and realleges each and every allegation contained in paragraphs 1 through 50 as if fully stated herein.

52. Treemo's acts as described in this Complaint including registering, trafficking in or using the domain www.appafolio.com, which is substantially and confusingly similar to Plaintiff's distinctive APPFOLIO mark, with a bad faith intent to profit, constitute cyberpiracy and/or cybersquatting in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(d).

53. By reason of its illegal conduct, Treemo has and continues to wrongfully derive income and profits from these acts, and AppFolio has sustained and will continue to sustain, substantial injury, loss and damage.

**WHEREFORE**, Appfolio demands judgment against Treemo as follows:

A. That Treemo's conduct infringes AppFolio's APPFOLIO mark, falsely designates the origin of Treemo's Goods, falsely describes such goods, and unfairly competes with AppFolio, all in violation of Lanham Act §§43(a) and 32, 15 U.S.C. §1125, and 15 U.S.C. §1114 et seq.

B. That Treemo's conduct serves to infringe AppFolio's APPFOLIO mark and unfairly compete with AppFolio under the common law of the State of California.

C. That Treemo and its agents, officers, directors, servants, employees, attorneys, its successors and assigns, and all others in active concert or

participation with Treemo be preliminarily and permanently enjoined from directly or indirectly:

      i.    Using AppFolio's APPFOLIO mark, or any other marks which are confusingly similar to or colorable imitations of AppFolio's APPFOLIO mark, including, without limitation, the term "APPAFOLIO" alone or as part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

      ii.    Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Treemo's goods and services; and,

      iii.    Otherwise unfairly competing with AppFolio or misappropriating AppFolio's intellectual property, including, but not limited to the APPFOLIO mark.

    D.    That the Court issue an Order directing Treemo to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Treemo of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Treemo has complied with the injunction.

    E.    That the Court award judgment in favor of AppFolio for the amount of either damages sustained by AppFolio or the profits made by Treemo as a result of Treemo's wrongful conduct, whichever amount is greater, and damages in an amount necessary for AppFolio to conduct corrective advertising to eliminate the confusion caused by Treemo's wrongful acts.

    F.    That the Court award judgment in favor of AppFolio in the amount of treble damages under 15 U.S.C. §1117, plus prejudgment interest.

G. That the Court award judgment against Treemo for the full costs of this action, including reasonable attorney fees.

H. That the Court award to AppFolio punitive damages sufficient to deter Treemo from committing such willful acts of infringement in the future.

I. For interest on all amounts found to be due to AppFolio from Treemo, at the prevailing rate, from the date said amounts or any part thereof became or become due.

J. That the Court require Treemo to notify its parent, subsidiaries, investors, affiliated companies, commercial associates, dealers, dealer advertising associations, advertising agencies, suppliers and customers of said Order.

K. That the Court order such other, further and different relief as the nature of this action may require and that the Court deem just and proper.

L. That the Court retain jurisdiction of this action for the purpose of enabling AppFolio to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

## JURY DEMAND

AppFolio hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on each and every cause of action asserted in its Complaint that is triable by jury.

DATED: October 12, 2012

STRADLING YOCCA CARLSON & RAUTH

By: ______________________
Douglas Q. Hahn
Salil Bali

Attorneys For Plaintiff